IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM MICHAEL TOMAINE,  :  <br>    Petitioner                        : <br>                                      : <br>    v.                                   : <br>                                      : <br>COMMONWEALTH OF        : <br>PENNSYLVANIA,                : <br>    Respondent                : | No. 1:20-cv-1742 <br><br>(Judge Rambo) |

**MEMORANDUM**

On September 8, 2020, *pro se* Petitioner Adam Michael Tomaine ("Petitioner"), who is currently detained at the Lehigh County Jail in Allentown, Pennsylvania, initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 2.) In an Order dated September 18, 2020, that court transferred the matter to this Court for further proceedings because Petitioner is challenging his custody on state criminal charges pending in Lackawanna County, Pennsylvania. (Doc. No. 4.) Petitioner has also filed motions for leave to proceed *in forma pauperis*. (Doc. Nos. 1, 7.) The Court will grant Petitioner leave to proceed *in forma pauperis* and will dismiss his § 2241 petition without prejudice for failure to exhaust his state court remedies.

**I.    BACKGROUND**

On April 3, 2020, Lackawanna County authorities charged Petitioner with theft by unlawful taking, receiving stolen property, unauthorized use of a motor vehicle, and retail theft. *See Commonwealth v. Tomaine*, Docket No. CP-35-CR-0001380-2020 (Lackawanna Cty. C.C.P.). On May 12, 2020, Petitioner's bail was set at $50,000.00. *Id.* On August 27, 2020, Petitioner filed a *pro se* request for pre-trial discovery and inspection. *Id.* On September 8, 2020, the Commonwealth filed an information against him. *Id.* On September 9, 2020, Petitioner, through counsel, filed a waiver of appearance at arraignment and entry of a plea of not guilty. *Id.* The docket reflects that a pretrial conference was held on October 9, 2020 and that the charges against Petitioner remain pending. *Id.*

In his § 2241 petition, Petitioner maintains that on June 23, 2020, he appeared before a magisterial district justice for a hearing. (Doc. No. 2 at 1.) Petitioner alleges that he moved to dismiss the charges on multiple grounds, including violations of the Fourth Amendment and Due Process Clause. (*Id.*) The magisterial district judge denied Petitioner's motion and continued the matter to July 13, 2020. (*Id.*) Petitioner maintains he again moved to dismiss the charges via a written motion, but that his motion was never filed. (*Id.*) Petitioner suggests that his pending charges are unconstitutional because they violate his rights to due process and speedy trial. (*Id.* at 2.) He also appears to suggest that he has been subjected to excessive bail in

violation of the Eighth Amendment. (*Id.*) As relief, Petitioner requests that the Commonwealth be made to show cause why he was "made to wait over 120 days for a determination of probable cause." (*Id.* at 3.) He asserts that if the Commonwealth cannot show cause, his charges should be dismissed and he should be released from custody. (*Id.*)

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241. However, "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *See Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*,

515 F.2d 437, 445-46 (3d Cir. 1975)).  Thus, a state detainee must first exhaust her state court remedies before a federal court will ordinarily consider her federal habeas claims.  *See Lines v. Larkin*, 208 F.3d 153, 159 (3d Cir. 2000).  Federal constitutional claims must be fairly presented to the state courts before the claim is considered to be exhausted.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

Moreover, "where state court remedies are unexhausted, principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances."  *See Robertson v. Allegheny Cty. Ct. of Common Pleas*, No. 12-1080, 2012 WL 4712034, at *3 (W.D. Pa. Aug. 22, 2012) (internal quotation marks omitted), *report and recommendation adopted*, 2012 WL 4712012 (W.D. Pa. Oct. 3, 2012).  Such abstention applies when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims."  *See Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quotation omitted).  If these requirements are satisfied, "abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised."  *See Robertson*, 2012 WL 4712034, at *3.

In the instant case, a review of the state court docket for Petitioner's criminal proceedings indicates that he has not filed any motions seeking review of his bail determination. Moreover, while Petitioner maintains that he sought dismissal of his charges based upon due process, Fourth Amendment, and speedy trial concerns before the magisterial district justice, the docket reflects that Petitioner has not sought such relief before the Court of Common Pleas and therefore, has also not appealed the denial of his motion to the state appellate courts. While Petitioner "may be displeased with the pace of his state-court proceedings, his displeasure does not rise to the level of an extraordinary circumstance requiring adjudication of a [§ 2241] petition." *See Cuevas v. Pennsylvania*, No. 1:19-cv-1733, 2020 WL 1911511, at *3 (M.D. Pa. Apr. 20, 2020). Petitioner has simply failed to demonstrate the extraordinary circumstances necessary for the Court to excuse his failure to exhaust and adjudicate his claims for relief on the merits. Petitioner's § 2241 petition will, therefore, be dismissed without prejudice for failure to exhaust state court remedies.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2241. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating

that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

## IV.   CONCLUSION

Based on the foregoing, Petitioner's motions for leave to proceed *in forma pauperis* (Doc. Nos. 1, 7) will be granted, his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed without prejudice for Petitioner's failure to exhaust his state court remedies, and a COA will not issue. An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: October 28, 2020